# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE 1997 SESSION



**FILED**

July 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ROGER LEE SAWYERS,** | ) | |
| | ) | **C.C.A. NO. 03C01-9607-CC-00255** |
| Appellant, | ) | |
| | ) | **HAMBLEN COUNTY** |
| VS. | ) | |
| | ) | **HON. WILLIAM H. INMAN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:         FOR THE APPELLEE:

**GREG EICHELMAN**
Public Defender

**D. CLIFTON BARNES**
Asst. Public Defender
1609 College Park Dr., Box 11
Morristown, TN 37813-1618

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MICHAEL J. FAHEY, II**
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN 37243-0493

**C. BERKELEY BELL**
District Attorney General

**VICTOR J. VAUGHN**
Asst. District Attorney General
510 Allison St.
Morristown, TN 37814

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed for post-conviction relief which was denied by the trial court. This Court affirmed. The Tennessee Supreme Court subsequently reversed and remanded for a hearing. Following the ordered hearing, the court below denied relief, from which the petitioner now appeals. Upon our review of the record, we affirm the judgment below.

In 1976, when he was seventeen years and seven months old, the petitioner murdered Elmer Trent in the course of robbing him with a firearm. He was not indicted until 1978; he pled guilty to the murder "a few weeks shy of his 19th birthday."[1] At the time he pled guilty, the petitioner apparently thought that he had been over the age of eighteen at the time he murdered Trent. He did not discover his real age until 1986. He subsequently filed for post-conviction relief alleging that the criminal court in which he pled guilty had not had subject-matter jurisdiction over him because he had been a juvenile at the time he committed Trent's murder.

When the petitioner's claim for relief reached our Supreme Court, it ordered the case "returned to the trial court for a de novo hearing to determine whether or not [the petitioner] would have been transferred from juvenile to criminal court, based on the facts existing at the time of his indictment and trial." Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991). This hearing was held in 1996 and the court below found that the petitioner would have been transferred and therefore denied post-conviction relief a second time. It is from this ruling that the petitioner now appeals.

In ordering this matter remanded, our Supreme Court specifically referred

---

[1]Sawyers v. State, 814 S.W.2d 725, 727 (Tenn. 1991).

to T.C.A. § 37-1-134(a) and stated that an order of transfer from juvenile to criminal court "must be predicated on a determination . . . that there are 'reasonable grounds' to believe that the child (a) committed the delinquent act alleged, (b) is not committable to an institution for the mentally ill or retarded, and (c) needs to be placed under 'legal restraint or discipline' for the good of the community."[2] Sawyers, 814 S.W.2d at 728. In making this determination after the required hearing, the court below ruled:

> It seems obvious beyond peradventure that the juvenile court, if proceedings in that court had been instituted, would have determined that there was [sic] reasonable grounds to believe that Sawyers committed the murder alleged, was not committable to an institution for the mentally ill or retarded, and needed to be placed under 'legal restraint or discipline' for the good of the community. This being so, it would have been the duty of the juvenile court to transfer Sawyers to the criminal court. Thus it is, for the second time, that it should be held that common sense, superimposed upon the simplest definitions of justice and statutory construction, dictates that Sawyers was properly tried as an adult. The transfer was 'unassailably appropriate,' and the petition is dismissed.[3]

In making its findings, the court below relied on a 1978 report from the Forensic Services Division of Middle Tennessee Mental Health Institute that the petitioner was competent to stand trial and that a defense of insanity could not be supported, and that the petitioner had committed a "comparable murder" in another county after he had reached the age of majority but before he had been arrested for the instant murder. The court also had before it a statement the petitioner had given to the police in which he admitted to having shot and killed Trent in the course of robbing him.

The petitioner complains that the court below should not have considered that he had committed another murder because he had not been convicted of that offense at the time the transfer decision would have been made. We agree, but find that the court below could properly have considered that the petitioner had been indicted for

---

[2]In 1978, this statute was codified at T.C.A. § 37-234 (1976).

[3]We have omitted the citations and footnotes included in this portion of the lower court's order.

this second murder at the relevant time.[4]  We also note that the petitioner had been convicted of two counts of larceny from the person in 1977, receiving a three year sentence for each count.  This information would also have been available to the court in 1978 at the time of the transfer hearing.

Although not mentioned by our Supreme Court, we note that the relevant statute in effect in 1978 provided that, in making the determination to transfer, the court could[5] consider the extent and nature of the child's prior delinquency records; the nature of past treatment efforts and the child's response thereto; whether the offense had been against property or person with greater weight in favor of transfer given to offenses against the person; whether the offense had been  committed in an aggressive and premeditated manner; and the possible rehabilitation of the child by use of procedures, services and facilities currently available.  T.C.A. § 37-234(b) (1976).  In the instant case, the petitioner's prior delinquency record consisted of a 1973 order by the Hamblen County juvenile court finding him to be a "dependent and neglected child" and ordering him "committed to the Tennessee Preparatory School for an indefinite period of time." This past treatment effort was obviously unsuccessful, given the numerous crimes the petitioner had committed or been charged with by the time he was arrested for Trent's murder.  The offense under consideration was a murder:  the most serious of the offenses against the person and therefore entitled to substantial weight in favor of transfer.

Moreover, it had been committed in an aggressive and at least somewhat premeditated manner.  According to the petitioner's statement to the police, he and two

---

[4]See Sawyers, 814 S.W.2d at 727 ("[a}t the same time this case was being prosecuted, Sawyers was also under indictment and subject to the death penalty for" this other murder.)

[5]The current statute makes consideration of these factors mandatory.  See T.C.A. § 37-1-134(b).  However, the statute in effect in 1978 utilized the word "may" in conjunction with the court's consideration of these factors.  See T.C.A. § 37-234(b) (1976).

cohorts had driven to a market with a shotgun which the petitioner loaded with four shells, chambering one of them. When the victim drove up and walked toward the door of his market, the petitioner called out to him "and told him to stick up his hands and drop those money bags." As the victim stopped and began to turn around, according to the statement, the petitioner thought he was reaching for his front pocket. At that point, the petitioner "pulled the trigger and blasted him four times." Thus, at least three of the five statutory considerations mitigated heavily in favor of transfer. There is no proof in the record as to the possible rehabilitation of the petitioner by services and facilities which would have been available in 1978. However, because the petitioner was no longer a child in 1978, we find this factor to be inapposite.

The proof adduced at the hearing was more than sufficient for the court to have "reasonable grounds to believe" that the petitioner had committed the murder, that he was not committable, and that the community's interests required him to be put under legal restraint or discipline. Accordingly, we affirm the judgment below.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
J. CURWOOD WITT, JR., Judge