# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 25, 2001

## EDDIE F. DEPRIEST v. KEVIN MEYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 12378     Robert L. Jones, Judge**

---

### No. M2000-02312-CCA-R3-PC - Filed July 6, 2001

---

The petitioner, Eddie F. Depriest, appeals as of right from the Wayne County Circuit Court's dismissal of his petition for habeas corpus relief. Petitioner claims that the circuit court lacked the necessary jurisdiction to convict him because he was a juvenile when he committed the offense and a proper transfer hearing had not been conducted. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Eddie F. Depriest, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Mike Bottoms, District Attorney General; and Todd R. Kelley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner was convicted by a jury of first degree murder and assault with intent to commit first degree murder in July of 1989. He was subsequently sentenced to life imprisonment for the first degree murder charge and fifteen years for the assault conviction. This Court affirmed Petitioner's judgments of conviction on direct appeal, State v. Gregory Dewayne Williams and Eddie Fitzgerald Depriest, No. 96 (Tenn. Crim. App., Jackson, October 3, 1990), and affirmed the post-conviction court's denial of post-conviction relief, Eddie Depriest v. State, No. 02C01-9512-CR-00384, Shelby County (Tenn. Crim. App., Jackson, March 13, 1997) perm. to app. denied (Tenn. 1997).

On May 26, 2000, Petitioner filed a petition for habeas corpus relief on the ground that the trial court did not have jurisdiction to convict him. Petitioner argued that because he was a minor when he committed the offenses, the juvenile court had "exclusive jurisdiction" over any judicial

proceedings which ensued and this rendered all other actions against Petitioner "null and void." The State filed a motion to dismiss Petitioner's application for a writ of habeas corpus on August 24, 2000, and the trial court granted the State's motion, dismissing the petition by written order the same day.

Petitioner now appeals the Wayne County Circuit Court's dismissal of his petition for habeas corpus relief. The gist of Petitioner's argument remains one of jurisdiction. In his brief, Petitioner claims that he was indicted for an offense committed on June 2, 1988, twelve days prior to his eighteenth birthday which occurred on June 14, 1988. The record contains a copy of Petitioner's birth certificate which verifies his birth date as June 14, 1970. A copy of the indictment was not included.

Petitioner's main contention is that the juvenile court retained "exclusive jurisdiction" over all criminal proceedings against him because he was a minor at the time he committed the offenses. Petitioner argues that the law requires a transfer hearing to remove jurisdiction from the juvenile court to the circuit court in the case of a minor defendant, and the absence of a valid transfer hearing deprived the circuit court of jurisdiction. As a result, Petitioner maintains that his conviction and sentence are void and habeas corpus relief is proper in this case. We disagree.

Our supreme court has held that the right to a transfer hearing is "sufficiently fundamental to be considered a matter of due process, in the context of juvenile justice." Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991). The transfer hearing in juvenile court has been likened to a preliminary hearing with regard to the issue of probable cause. State v. Womack, 591 S.W.2d 437, 443 (Tenn. Crim. App. 1979). However, "the absence of a transfer order cannot be said to affect the [criminal] court's subject matter jurisdiction, which, in a real sense, is concurrent with that of the juvenile court as to certain offenses committed by children falling within a specified age span." Sawyers, 814 S.W.2d at 729 (citations omitted). The age of a juvenile defendant has been characterized, not as an element of subject matter jurisdiction, but as a fact which entitles the defendant to certain procedural rights. Id. And, the lack of a valid transfer hearing does not deprive a criminal court of jurisdiction, but has been described instead as a "procedural deficiency." Id.; see also State v. Hale, 833 S.W.2d 65, 67 (Tenn. 1992).

In light of the Tennessee Supreme Court's decision in Sawyers v. State, 814 S.W.2d 725 (Tenn. 1991), we hold that the absence of a transfer order did not affect the circuit court's subject matter jurisdiction with regard to convicting Petitioner. We are mindful that in Sawyer, the supreme court was faced with factual circumstances similar to those in the instant case, i.e., it was asked to determine whether relief should have been granted to a petitioner who was actually a juvenile at the time of the offense, but who was not afforded a transfer hearing prior to his conviction in criminal court. The supreme court granted the petitioner relief in the form of a remand to the trial court for further proceedings to determine whether transfer would have been appropriate. However, the petitioner in Sawyer was appealing a judgment from a post-conviction proceeding which was, significantly, a voidable judgment. By contrast, habeas corpus relief is available only when the

judgment contested is void.  This is the crucial distinction between the result in <u>Sawyer</u> and our present decision.

In Tennessee, grounds upon which habeas corpus relief will be granted are limited in nature and scope.  <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999); <u>Archer v. State</u>, 851 S.W.2d 157, 161-62 (Tenn. 1993); <u>Passarella v. State</u>, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994).  A habeas corpus petition "may only be utilized to successfully contest void, as opposed to voidable, judgments."  <u>Taylor</u>, 995 S.W.2d at 83 (citing <u>Potts v. State</u>, 833 S.W.2d 60, 62 (Tenn. 1992)).  "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired."  <u>Id.</u>  (citing <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998)).  By contrast, a voidable judgment is one which is "facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity."  <u>Id.</u> (citations omitted). The petitioner bears the burden of demonstrating by a preponderance of the evidence that the judgment of conviction is void or that his term of confinement has expired.  <u>Passarella</u>, 891 S.W.2d at 627.

Here, we have already determined that the absence of a transfer order did not deprive the circuit court of jurisdiction or authority to convict Petitioner.  Moreover, Petitioner's allegations are based on an alleged due process violation, which is not cognizable in a petition for writ of habeas corpus since it would render the judgment merely voidable, not void.  As such, Petitioner's issue would have been more appropriately presented in a petition for post-conviction relief, similarly to the claims of the petitioner in <u>Sawyer</u>.  However, at the time of Petitioner's conviction, the statute of limitations for post-conviction relief was three (3) years.  <u>See</u> Tenn. Code Ann. § 40-30-102 (1990), repealed by Acts 1995, Ch. 207, § 1.  The petitioner was convicted in July 1989 and filed the present petition in May 2000.  Thus, the statute of limitations period for post-conviction relief has expired.  Petitioner is not entitled to relief.

### CONCLUSION

For the above reasons, we AFFIRM the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE