IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 13, 2004 Session

## STATE OF TENNESSEE v. ISIAH WILSON

**Direct Appeal from the Circuit Court for Haywood County**
**No. 5009     William Peeler, Judge**

---

**No. W2003-02394-CCA-R3-CD  - Filed November 8, 2004**

---

Isiah Wilson, a juvenile defendant, after transfer to Circuit Court, entered a guilty plea to aggravated rape and especially aggravated kidnapping and received agreed upon concurrent sentences of fifteen years.  The defendant properly reserved a certified question of law challenging the appropriateness of the transfer ruling from juvenile court to circuit court.  We conclude that the juvenile court judge adhered to the mandated statutory considerations, affirm the transfer, and, thus, also affirm the judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

S. Drake Martin, Brownsville, Tennessee, for the appellant, Isiah Wilson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Garry G. Brown, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Isiah Wilson, the defendant, appeals by reservation of a certified question of law his transfer from juvenile court to circuit court.  The defendant pled guilty to aggravated rape and especially aggravated kidnapping and received concurrent sentences of fifteen years at 100% on each offense. The defendant properly reserved a certified question of law, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), of his transfer from juvenile court.

The facts recited to support the defendant's guilty plea indicated that on October 10, 2002, the then fourteen-year-old defendant went to the victim's home armed with a nine millimeter pistol. The female victim was there with her three minor daughters.  The minors were directed to their bedrooms, and the defendant then forced the victim to engage in multiple sexual acts.  When the victim's husband returned home, the defendant fled but was apprehended running from the home.

The defendant alleges on appeal that the statutory requirements for transfer from juvenile court were not followed and that transfer was improper.

The mandatory guidelines for transfer proceedings are contained in Tennessee Code Annotated section 37-1-134 (2000); see Roger Lee Sawyers v. State, No. 03C01-9607-CC-00255, 1997 Tenn. Crim. App. LEXIS 704, at *6 n. 5 (Tenn. Crim. App. at Knoxville, July 25, 1997). The juvenile court may transfer a child under age sixteen who is charged with aggravated rape or especially aggravated kidnapping to criminal court as an adult if the court finds that reasonable grounds exist to believe that:

    (A)    [t]he child committed the delinquent act as alleged;

    (B)    [t]he child is not committable to an institution for the mentally retarded or the mentally ill; and

    (C)    [t]he interests of the community require that the child be put under legal restraint or discipline.

Tenn. Code Ann. § 37-1-134(a)(4)(A)(C) (2000).

In making this determination, the trial court shall consider the following:

    (1)    The extent and nature of the child's prior delinquency records;

    (2)    The nature of past treatment efforts and the nature of the child's response thereto;

    (3)    Whether the offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

    (4)    Whether the offense was committed in an aggressive and premeditated manner;

    (5)    The possible rehabilitation of the child by use of procedures, services and facilities currently available to the court in this state; and

    (6)    Whether the child's conduct would be a criminal gang offense, as defined in § 40-35-121, if committed by an adult.

Id.

On review, this Court must determine if there were reasonable grounds for the juvenile court to believe that the statutory criteria listed in Tennessee Code Annotated section 37-1-134(a)(4) were present in this case. A transfer hearing is "sufficiently fundamental to be considered a matter of due process, in the context of juvenile justice." Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991).

In considering the first factor, whether the defendant committed the delinquent act, the trial court relied on the undisputed testimony of the victim to make an affirmative finding. The victim testified at the transfer hearing that the defendant forced her at gunpoint to perform oral sex and then vaginally raped her. The juvenile court judge was correct in holding that reasonable grounds existed to believe the defendant committed the offenses.

The juvenile court found that the defendant "is not developmentally disabled or mentally ill" and that the defendant was not committable. This finding was based on an evaluation done at

Timber Springs, where psychological, forensic, and psycho-sexual assessments were performed.[1] The defendant's own witnesses gave glowing reports on the defendant's conduct with the exception of that which constituted the offenses. The record supported the juvenile court's decision, and the factor of commitment was specifically addressed.

The juvenile court also considered the third criteria for transfer, "[t]he interests of the community require that the child be put under legal restraint or discipline." Tenn. Code Ann. § 37-1-134(a)(4)(C) (2000). The juvenile court judge characterized the defendant's actions as that of a man and emphasized the need to protect the community. The defendant, in his appeal, correctly points out that he had no prior record. The juvenile judge acknowledged this but justifiably emphasized the need for community protection. Tennessee Code Annotated section 37-1-134(b) sets forth a non-exclusive list of considerations to justify transfer. Not all of these, notably a prior juvenile record, are present in this case. However, there is no requirement that all considerations be present. Those contained in Tennessee Code Annotated section 37-1-134(b)(3) and (4) strongly supported the juvenile court's conclusion. The offenses were patently personal as opposed to a property offense and were aggressive and premeditated. The defendant first ascertained that the victim's husband was not at home. The defendant left and returned armed and forced his way into the home. The defendant then raped the victim repeatedly and threatened to do the same to the victim's thirteen-year-old daughter. Further, the defendant threatened harm to the victim if she reported the incident.

The record reveals that the juvenile judge adhered to the statutory requirements. In the words of the juvenile court judge, "it's a most difficult decision," but our review concludes that the transfer was appropriate. We affirm the juvenile court's transfer and, thus, the judgments of conviction.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] The evaluation was not included in the record for review.