# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 22, 2005

## THOMAS WRAY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 9-2004    Buddy Perry, Judge**

---

**No. E2004-02901-CCA-R3-HC - June 24, 2005**

---

The appellant, Thomas Wray, appeals from the denial of his petition for the writ of habeas corpus wherein he alleges that his guilty pleas and sentences in the Hamilton County Criminal Court to two (2) offenses committed while he was a juvenile are void. For the reasons stated below we find that the habeas court properly denied habeas corpus relief and we therefore affirm the decision of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

B. Jeffery Harmon, Jasper, Tennessee, for the appellant Thomas Wray.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; J. Michael Taylor, District Attorney General; James W. Pope, III, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On June 5, 2002, the appellant pleaded guilty in the Hamilton County Criminal Court to two (2) counts of burglary, two (2) counts of misdemeanor theft, attempted misdemeanor theft, and attempted burglary of an automobile. He received a effective sentence of four (4) years on supervised probation. At some point during the probationary period the appellant's probation was revoked and he was ordered to serve his sentence in the Tennessee Department of Correction.

On February 27, 2004, the appellant filed a petition for the writ of habeas corpus. In the petition the appellant alleged inter alia he was a juvenile that at the time he committed two (2) of the

offenses for which he pleaded guilty. At a hearing on the petition held on July 30, 2004, the appellant and the State stipulated that the appellant was indeed a juvenile at the time of the commission of two (2) of the offenses for which he was convicted, that no juvenile petition had ever been filed with respect to these offenses, and that no juvenile transfer hearing was ever conducted. It was also stipulated that the statute of limitations for the filing of a post-conviction petition had expired. At the conclusion of the hearing the lower court denied the appellant's habeas corpus petition.

## Analysis

The circumstances under which a writ of habeas corpus may be obtained through use of the procedures outlined in Tennessee Code Annotated section 29-21-101, et seq. are very narrow. A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.w.2d 60, 62 (Tenn. 1992). The question in this case therefore resolves itself into the issue of whether the appellant's minority at the time of two (2) of his conviction offenses were committed deprived the Hamilton County Criminal Court of jurisdiction to accept the appellant's pleas to these charges and to impose sentence on them.

In Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991), the Tennessee Supreme Court held that although a juvenile offender has a right to a transfer hearing before a criminal proceeding may be prosecuted against him in criminal court, the absence of a transfer order did not deprive the criminal or circuit court of jurisdiction to try the juvenile as an adult. Moreover, this Court in a legally indistinguishable situation to that presented in the present case has held that habeas corpus relief is not available to a person convicted under the same circumstances as the appellant. Eddie F. DePriest v. Meyers, No. M2000-02312-CCA-R3-PC, 2001 WL 758739 *1 (Tenn. Crim. App. 2001). We conclude that DePriest is well-reasoned and we decline the appellant's invitation to depart from its holding. Accordingly, the judgment of the lower court denying habeas corpus relief is affirmed.

## Conclusion
In light of the foregoing the judgment of the Bledsoe County Circuit Court is affirmed.

_____
JERRY L. SMITH, JUDGE