# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MICHAEL WARE v. TOMMY MILLS, WARDEN

### Direct Appeal from the Circuit Court for Lake County
#### No. 06-CR-8914   R. Lee Moore, Judge

### No. W2007-00186-CCA-R3-HC  - Filed November 21, 2007

The Petitioner, Michael Ware, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Michael Ware, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

From the record before this Court, it appears that, on June 23, 2000, the Petitioner entered guilty pleas to three felony offenses: one count of carjacking, one count of especially aggravated kidnapping, and one count of theft of property.  The Petitioner received a sentence of ten years at thirty percent release eligibility for the carjacking offense; a sentence of seventeen years as a violent

1

offender for the especially aggravated kidnapping conviction; and a sentence of two years at thirty percent release eligibility for the theft of property conviction. No direct appeal was taken.[1]

On November 28, 2006, the Petitioner filed an application for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner alleged that, at the time of his arrest on the alleged offenses, February 2, 1999, was fifteen years and four months of age. He further stated that, on February 17, 1999, he was transferred to the Criminal Court of Shelby County to be tried as an adult. The Petitioner contends that "the grand jury lacked jurisdiction to consider the charge against him, because he did not receive the necessary hearings in Juvenile Court prior to him being indicted by the Grand Jury of Shelby County, Tennessee." Specifically, the Petitioner maintained that he was not provided an acceptance hearing or transfer hearing and that an order transferring the case to Criminal Court was never entered. The Petitioner further argued that he never waived any of his rights to any necessary hearings. The Petitioner is currently confined in the Northwest Correctional Complex in Tiptonville, Tennessee.

On November 28, 2006, the Petitioner filed an application for the issuance of the writ of habeas corpus in the Circuit Court for Lake County. As basis for the writ, the Petitioner alleged that the judgments of convictions and resulting sentences were void. Specifically, the Petitioner maintained that he "is serving his sentence under three (3) different statutes . . . at once and at the same time that is prohibited by the laws of this land." It appears that the Petitioner claimed that he was sentenced under the 1982 Sentencing Reform Act, although the crimes were committed while another act was in effect. The Petitioner also requested restitution in the amount of one thousand dollars per day for his illegal imprisonment. By order entered January 8, 2007, the lower court denied the Petitioner habeas corpus relief, entering the following findings of fact and conclusions of law:

> The Court finds that pursuant to T.C.A. § 37-1-134(1), that if the child is sixteen (16) years of age at the time of the alleged conduct or if the child is less than sixteen (16) years of age and is charged with aggravated kidnapping or especially aggravated kidnapping or attempt to commit any such offense, as well as other named offenses, he may be transferred to the Sheriff of the county to be held according to law and to be dealt with as an adult in the Criminal Court of competent jurisdiction. Although, petitioner alleges to have been fifteen (15) years of age at the time of the offense, he did attach a copy of "Order Holding Juvenile For Prosecution in Sentencing As An Adult" which states that a hearing was conducted where witnesses were examined and the Court found that the child was sixteen (16) years or more of age at the time of the alleges conduct. One of the charges also was especially aggravated kidnapping. The Court finds that the Criminal Court for Shelby County did have the

---

[1] We acknowledge that the Petitioner avers in a pleading to the Shelby County Criminal Court Clerk dated May 20, 2006, that "[t]hese cases were never appeal[ed] to the Tennessee Court of Criminal Appeals nor to the State Supreme Court. . . . I have never attacked these guilty plea convictions through and state nor federal post conviction relief or an writ of habeas corpus petition. . . ."

jurisdiction to deal with and sentence the petitioner as an adult. The sentence is not void nor has it expired.

The Petitioner filed a motion for rehearing/reconsideration on January 24, 2007, alleging that trial court erred in summarily dismissing the petition. This motion was denied on January 31, 2007. The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner alleges that the convicting court did not have jurisdiction to enter the judgments against the Petitioner as the transfer proceedings in the Juvenile Court were infirm and/or the Petitioner was under the age of sixteen at the time. The lower court's conclusions of law are accurate. Regardless of the Petitioner's age at the time of the transfer, section 37-1-134(1), Tennessee Code Annotated, provides that a child under the age of sixteen may be tried as an adult in the criminal court when charged with certain enumerated offenses, including especially aggravated kidnapping. Accordingly, the Criminal Court for Shelby County had jurisdiction over the Petitioner.

Moreover, the courts of this state have repeatedly held that the age of a juvenile defendant has been characterized, not as an element of subject matter jurisdiction, but as a fact which entitles the defendant to certain procedural rights, and, the lack of a valid transfer hearing does not deprive a criminal court of jurisdiction, but has been described instead as a "procedural deficiency." *See Eddie F. DePriest v. Meyers,* M2000-02312-CCA-R3-PC (Tenn. Crim. App., at Nashville, July 6, 2001), *no. Tenn. R. App. P. 11 application filed.; see also State v. Hale,* 833 S .W.2d 65, 67 (Tenn. 1992). Indeed, in *Sawyers v. State*, the Tennessee Supreme Court held that "the absence of a transfer order cannot be said to affect the [criminal] court's subject matter jurisdiction, which, in a real sense,

is concurrent with that of the juvenile court as to certain offenses committed by children falling within a specified age span." *Sawyers,* 814 S.W.2d 725, 729 (Tenn. 1991)(citations omitted). Accordingly, we cannot conclude that, even if any defects in the transfer proceeding were proven, which they have not, any said defect would not affect the criminal court's subject matter jurisdiction with regard to convicting the Petitioner. In the present case, the juvenile court's transfer order reflects a complete adjudication of the transfer issue. Thus, the claimed defect does not appear on the face of the record and, therefore, cannot give rise to a claim in habeas corpus.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE