IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2010

## MICHAEL WARE v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6406      Joseph H. Walker, III, Judge**

_____

**No. W2010-01257-CCA-R3-HC  - Filed March 25, 2011**

_____

The *pro se* petitioner, Michael Ware, appeals the dismissal of his petition for writ of habeas corpus. Following our review, we affirm the order of the habeas corpus court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Michael Ware, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On June 23, 2000, the petitioner entered guilty pleas in the Shelby County Criminal Court to carjacking, especially aggravated kidnapping, and theft of property, for which he received concurrent sentences of, respectively, ten years at thirty percent, seventeen years at 100 percent as a violent offender, and two years at thirty percent. See Michael Ware v. Tommy Mills, Warden, No. W2007-00186-CCA-R3-HC, 2007 WL 4146219, at *1 (Tenn. Crim. App. Nov. 21, 2007), perm. to appeal denied (Tenn. Apr. 7, 2008). Although the guilty plea agreement is not included in the record on appeal, we surmise from the petitioner's argument in this current petition for writ of habeas corpus that the sentences were imposed in accordance with his negotiated plea bargain agreement.

In his prior petition for writ of habeas corpus, the petitioner alleged that his indictment was defective and that the Shelby County Criminal Court lacked jurisdiction over his case due to irregularities and deficiencies that occurred in the juvenile court proceedings that resulted in his transfer to criminal court. Specifically, he alleged that the grand jury lacked jurisdiction to indict him because "he was not provided an acceptance hearing or transfer hearing and . . . an order transferring the case to Criminal Court was never entered." Id. This court affirmed the habeas corpus court's dismissal of the petition, concluding that even if there were defects in the transfer proceedings, which the petitioner had not proven, it would not affect the criminal court's subject matter jurisdiction because "the juvenile court's transfer order reflect[ed] a complete adjudication of the transfer issue" and "the claimed defect [did] not appear on the face of the record." Id. at *2.

The petitioner filed the instant petition for writ of habeas corpus in the Lauderdale County Circuit Court on May 20, 2010, alleging that his convictions were void and his sentences illegal for the following reasons: the presiding judge of the Shelby County Juvenile Court at the time of his transfer hearing was not licensed to practice law in the State of Tennessee; the foreperson of the Grand Jury that returned his indictment was not qualified to serve; his sentence was illegally enhanced in violation of Blakely v. Washington, 542 U.S. 296 (2004); and his trial counsel coerced him into pleading guilty "to offenses beyond their respective sentencing range." The petitioner attached a copy of his indictment to the petition, but he did not include his judgment forms.

On May 21, 2010, the habeas corpus court entered a detailed written order in which it dismissed the petition on the basis that the petitioner failed to show that his convictions were void or his sentences expired. Among other things, the court found that the indictment was sufficient to vest jurisdiction in the trial court, that the petitioner waived any irregularity concerning his offender classification or release eligibility by pleading guilty, that the petitioner's Blakely claim, even if true, would render his convictions voidable rather than void, and that the alleged defects in the juvenile court transfer proceedings did not appear on the face of the record and thus did not state a cognizable claim for habeas corpus relief. The court additionally noted that the petitioner failed to attach copies of his judgments to the petition for writ of habeas corpus, which was enough, alone, to justify summary dismissal of the petition. On June 3, 2010, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

The petitioner raises two issues on appeal, which essentially amount to an argument that he is entitled to relief from his convictions because the presiding judge of the Shelby

County Juvenile Court was not licensed to practice law[1] and the trial court failed to consider applicable mitigating factors, including his youth at the time of the offenses, when imposing the sentences. The State argues that the dismissal of the petition was proper both because the petitioner failed to comply with the mandatory procedural requirements for habeas corpus relief and because he failed to show that his convictions are void or his sentences expired.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

We agree with the State that the petitioner's failure to comply with the mandatory procedural requirements for a habeas corpus petition is enough, alone, to justify the dismissal of the petition. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at Tennessee Code Annotated section 29-21-107, and a trial court "may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21. In this case, summary dismissal of the petition is appropriate because the petitioner failed to include a copy of the judgments of conviction under which he claims he is being illegally detained. See Tenn. Code Ann. § 29-21-107(b)(2) (2000).

We further agree that the petitioner's allegations, even if true, do not entitle him to habeas corpus relief. Whether the judge who presided over the Shelby County Juvenile Court was licensed to practice law has no bearing on the criminal court's subject matter

---

[1] The petitioner acknowledges in his brief that his transfer proceedings were conducted by a special juvenile court judge rather than the presiding judge of the juvenile court. He argues, nonetheless, that the presiding judge's lack of a law license should be imputed, under the theory of respondeant superior, to the juvenile court referees and special judges that he appointed.

jurisdiction over the case. <u>See</u> <u>Michael Ware</u>, 2007 WL 4146219, at *2 ("Indeed, in <u>Sawyers v. State</u>, the Tennessee Supreme Court held that 'the absence of a transfer order cannot be said to affect the [criminal] court's subject matter jurisdiction, which, in a real sense, is concurrent with that of the juvenile court as to certain offenses committed by children falling within a specified age span.'") (quoting <u>Sawyers v. State</u>, 814 S.W.2d 725, 729 (Tenn. 1991)). Furthermore, even if the sentences were not part of a negotiated plea agreement, the trial court's alleged failure to apply applicable mitigating factors to reduce the sentence lengths is not a cognizable claim for habeas corpus relief. Accordingly, we affirm the habeas corpus court's dismissal of the petition.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the habeas corpus court dismissing the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE