IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 29, 2020 at Knoxville

**TIMOTHY L. JEFFERSON v. RUSSELL WASHBURN, WARDEN**

**Appeal from the Circuit Court for Trousdale County**
**No. 2019-CV-4788     John D. Wooten, Jr., Judge**

_____

**No. M2019-01723-CCA-R3-HC**

_____

The Petitioner, Timothy L. Jefferson, appeals as of right from the Trousdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus, in which he contended that his conviction for second degree murder was void because the order transferring his case from juvenile court to criminal court was not file-stamped by the criminal court clerk's office. The Petitioner argues that the petition stated a cognizable claim for habeas corpus relief. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Timothy L. Jefferson, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Ruth Anne Thompson, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On January 11, 2000, a delinquency petition was filed against the sixteen-year-old Petitioner in the Davidson County Juvenile Court, alleging that he committed first degree felony murder, especially aggravated robbery, and illegal possession of a handgun. See Tenn. Code Ann §§ 39-13-202, -13-403, -17-1319. After an August 24, 2000 transfer hearing, the Davidson County Juvenile Court issued a written order transferring the Petitioner's case to the Davidson County Criminal Court. The Petitioner subsequently pled guilty to second degree murder in 2001, with an agreed-upon sentence of forty years to be served at one hundred percent. See Timothy L. Jefferson v. State, No. M2002-02393-CCA-R3-PC, 2004 WL 300121, at *1 (Tenn. Crim. App. Feb. 17, 2004).

The facts underlying the offense are as follows: On December 25, 1999, Mohammed Rafat ("the victim") was working as a clerk in Fleming's Market in Nashville when the Petitioner entered the store with a handgun and began to commit a robbery. Jefferson, 2004 WL 300121, at *1. During the robbery, the victim and the Defendant engaged in a "gun battle," during which the victim was shot several times; he later died from his injuries. Id. After speaking to a witness who was called multiple times from a pay phone located outside the store near the time of the robbery, the police identified the Petitioner as a suspect; after taking him into custody, the Petitioner gave a statement implicating himself in the victim's murder. Id. Before entering his guilty plea, the Petitioner unsuccessfully filed and argued a motion to suppress his police confession. See Timothy L. Jefferson v. State, No. M2011-01653-CCA-R3-CO, 2012 WL 1951094, at *1 (Tenn. Crim. App. May 31, 2012).

In 2002, the Petitioner filed a post-conviction petition alleging that he received the ineffective assistance of defense counsel and that his guilty plea was involuntary and unknowing. Jefferson, 2004 WL 300121, at *1. The post-conviction court denied relief, and this court affirmed. See id. at *2-4.

In August of 2010, the Petitioner filed a pro se petition for a writ of habeas corpus raising the same issues as the post-conviction petition, which the habeas corpus court denied. See Timothy L. Jefferson v. State, No. M2014-00756-CCA-R3-ECN, 2015 WL 2128606, at *3 (Tenn. Crim. App. May 6, 2015) (recounting the procedural history of the Petitioner's case). The Petitioner did not appeal.

In August of 2011 and January of 2014, the Petitioner filed two untimely petitions for writs of error coram nobis. The first petition was summarily dismissed as time-barred and because it failed to state a cognizable claim for relief; this court affirmed. Jefferson, 2015 WL 2128606, at *3. The second petition was summarily dismissed because it was time-barred, raised issues that had been litigated in the pretrial motion to suppress and post-conviction hearings, and did not state a cognizable claim for relief; this court affirmed. Id. at *7-9.

In April of 2015, the Petitioner filed a petition for writ of certiorari and supersedeas, alleging that his due process rights were violated by the juvenile court when it considered his out-of-court statements in determining whether to transfer him to criminal court. See State v. Timothy L. Jefferson, No. M2015-01321-CCA-R3-CD, 2016 WL 1161066, at *1 (Tenn. Crim. App. Mar. 23, 2016). The trial court summarily dismissed the petition for failure to make a partial payment of the filing fee; this court concluded that although the basis for the dismissal was improper, certiorari was unavailable because the Petitioner did not utilize the available "express avenue" to appeal his transfer to criminal court. Id. at *2-5.

On July 12, 2019, the Petitioner filed a pro se petition for writ of habeas corpus, alleging that the criminal court never gained subject matter jurisdiction over his case because the transfer order from the juvenile court was not file-stamped by the criminal court clerk's office in compliance with Tennessee Rule of Criminal Procedure 32(e). A copy of the juvenile court's August 24, 2000 transfer order was attached, as well as a copy of this court's opinion relevant to the Petitioner's petition for writ of certiorari and supersedeas. On August 23, 2019, the Petitioner filed a pro se "Motion for Supplemental Pleadings,"[1] which repeated the allegations in the original petition and included a copy of the juvenile court delinquency petition.

On August 30, 2019, the habeas corpus court summarily dismissed the petition for failure to provide an adequate record, noting that "the only relevant document with regard to whether . . . the conviction in this case is void is an Order of Transfer[.]" The Petitioner filed a timely appeal.

## ANALYSIS

On appeal, the Petitioner contends that the habeas corpus court abused its discretion by "failing to take the applicable law and relevant facts into account" and "denied [the Petitioner] equal treatment" by "overruling the applicable rule of law" as stated in Graham v. State, 90 S.W.3d 687, 690 (Tenn. 2002), State v. Stephens, 264 S.W.3d 719, 727 (Tenn. Crim. App. 2007), and State v. Bobby Lee Allen Robinette, No. E2014-01688-CCA-R3-CD, 2015 WL 4745065, at *2-4 (Tenn. Crim. App. 2015). He then restates his argument that because the transfer order was not file-stamped by the criminal court clerk, the criminal court lacked subject matter jurisdiction over his case, rendering his conviction void.

The State responds that summary dismissal was proper because the Petitioner's claim, even if true, would not render the judgment void. In addition, the State asserts that the Petitioner failed to attach sufficient documentation to support his claim, namely a copy of the judgment.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas

---

[1] The motion did not contain a request for supplemental pleadings.

corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void" or for failure to comply with the statutory procedural requirements. Hickman v. State, 153 S.W.3d 16, 20-21 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. One such procedural requirement is a petitioner's burden of "providing an adequate record for summary review of the habeas corpus petition," including "pertinent documents to support those factual assertions" contained in the petition. Summers, 212 S.W.3d at 261. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. Summers, 212 S.W.3d at 262.

We note that the Petitioner's challenge is one attacking the validity of his conviction, not his sentence. See Cantrell v. Easterling, 346 S.W.3d 445, 456 (Tenn. 2011) (noting that "a judgment in a criminal case includes both a conviction and a sentence," which respectively constitute "distinct and severable components of the judgment") (emphasis in original) (internal citations omitted)).

As a preliminary matter, the cases the Petitioner cites in support of his claim are not applicable to his situation. In Graham, our supreme court held that the ten-day period in which to file an appeal from the denial of a petition to reopen post-conviction proceedings begins to run on the date the clerk file-stamps the order denying the motion to reopen. 90 S.W.3d at 690. Similarly, this court concluded in Robinette that the thirty-day period in which to file a motion to withdraw a guilty plea begins to run on the date the clerk file-stamps the judgment form. 2015 WL 4745065, at *2-4. Finally, in Stephens, this court concluded that a motion for new trial is timely if it is filed within thirty days of the file-stamp date on the judgment. 264 S.W.3d at 727.

Both Robinette and Stephens were based upon Tennessee Rule of Criminal Procedure 32(e)(1), which dictates that a judgment of conviction must be "signed by the judge and entered by the clerk." This rule and, consequently, this caselaw only applies to criminal judgment forms, not transfer orders from a juvenile court. Graham, meanwhile, involved an appeal deadline set out by statute in the Post-Conviction Procedure Act, which only applies to post-conviction proceedings. See Tenn. Code Ann. § 40-30-117 (2002).

- 4 -

Conversely, "the procedure for seeking state habeas corpus relief is regulated by statute," specifically Tennessee Code Annotated sections 29-21-101 through -130. Cantrell, 346 S.W.3d at 453 (emphasis in original). In rendering its decision to summarily dismiss the petition, the habeas corpus court relied upon one such procedural requirement, which is for the Petitioner to provide an adequate record for the court to determine whether he is entitled to a writ of habeas corpus. The State notes on appeal that the Petitioner has not provided a copy of his judgment form, without which, it argues, it is impossible to determine whether the judgment is void.

We agree that a copy of the judgment is a necessary part of the habeas corpus record. The habeas corpus court acted within its discretion by dismissing the petition due to this procedural failing. See Summers, 212 S.W.3d at 261.

We also agree with the State that even taken as true, the lack of a file-stamp date on the transfer order does not entitle the Petitioner to habeas corpus relief. This court has previously discussed that the criminal court and juvenile court have concurrent subject matter jurisdiction over "certain offenses committed by children falling within a specified age span." Eddie F. Depriest v. Kevin Meyers, Warden, No. M2000-02312-CCA-R3-PC, 2001 WL 758739, at *1 (Tenn. Crim. App. July 6, 2001) (quoting Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991)). As a result, the Petitioner's complaint about the court clerk's failure to file-stamp the transfer order relates to the transfer procedure, not a lack of jurisdiction. See id. (discussing that "the lack of a valid transfer hearing does not deprive a criminal court of jurisdiction, but has been described instead as a "procedural deficiency") (citing Sawyers, 814 S.W.2d at 729; State v. Hale, 833 S.W.2d 65, 67 (Tenn.1992)); see also Billy L. Grooms v. State, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *3 (Tenn. Crim. App. Mar. 25, 2015) (noting that the same due process principles apply to the lack of a petition to transfer or the criminal court's "acceptance" of the transfer).

The right to a transfer hearing is "sufficiently fundamental to be considered a matter of due process, in the context of juvenile justice." Sawyers, 814 S.W.2d at 729. However, constitutional due process issues are properly addressed in post-conviction petitions,[2] not habeas corpus petitions, because a due process violation results in a voidable, not void, conviction. See Depriest, 2001 WL 758739, at *2. Therefore, without addressing the

---

[2] We note that the Petitioner did not raise any such issue in his post-conviction petition, which was already heard, denied, and affirmed on appeal. See Jefferson, 2004 WL 300121, at *1.

- 5 -

merits of the Petitioner's due process contention, we can conclude that he is not entitled to habeas corpus relief.

## CONCLUSION

Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition.  The judgment of the habeas corpus court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE