**STATE of Tennessee, Appellant,**

v.

**Michael K. HALE, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

June 8, 1992.

Charles W. Burson, Atty. Gen. and Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, for appellant.

L. Thomas Austin, Lori Ann Lomangino, Dunlap, Howard L. Upchurch, Pikeville, for appellee.

## OPINION

REID, Chief Justice.

This case presents an appeal by the State from the judgment of the Court of Criminal Appeals reversing the conviction of a juvenile tried in criminal court as an adult pursuant to T.C.A. § 37–1–134 and –159.

On September 20, 1987, the defendant, then 16 years and 9 months of age, shot and killed another person. Upon a delinquency petition, the defendant was taken into custody by the juvenile court. On December 8, 1987, the juvenile court, upon notice and hearing pursuant to T.C.A. § 37–1–134(a) and (b), found that the defendant should be transferred to the criminal court to be tried as an adult. On that same date, the case was presented to the grand jury and an indictment was returned charging the defendant with murder in the second degree by use of a firearm. Three days later, on December 11, 1987, the defendant filed a motion for a transfer hearing pursuant to T.C.A. § 37–1–159(d), to determine if the criminal court would accept jurisdiction over the defendant. Almost ten months later, on October 6, 1988, the criminal court entered an order pursuant to T.C.A. § 37–1–159(e)(2) certifying that it had taken jurisdiction over the defendant. Without further proceedings with regard to the transfer or indictment, the defendant was tried in the criminal court on March 28, 1989, and found guilty of the offense charged.

On motion for new trial, the defendant alleged that the judgment of conviction was void because he was indicted by the grand jury prior to the transfer hearing in criminal court. The trial court denied the motion on the ground that the defendant waived the defect in the proceedings by failing to challenge the indictment prior to trial.

On appeal, the Court of Criminal Appeals found that the criminal court did not have subject matter jurisdiction when the indictment was returned and, consequently, all proceedings in the criminal court including the indictment and conviction were void. The Court of Criminal Appeals reversed the conviction and dismissed the indictment.

■ The juvenile court has exclusive original jurisdiction over children alleged to be delinquent. T.C.A. § 37–1–103(a)(1) (1991). However, upon petition, notice, and hearing, the juvenile court may transfer a child to the criminal court for trial as an adult. T.C.A. § 37–1–134(a). Such a transfer "terminates the jurisdiction of the juvenile court over the child with respect to the delinquent acts alleged." T.C.A. § 37–1–134(c). There is no interlocutory appeal

from the judgment of the juvenile court transferring the child to criminal court. T.C.A. § 37–1–159(d). However, § 37–1–159(d) provides that a child may challenge the transfer to the criminal court for trial as an adult as follows:

[T]he criminal court, upon motion of the child filed within ten (10) days of the juvenile court order, shall hold a hearing as expeditiously as possible to determine whether it will accept jurisdiction over the child; provided, that if no motion is filed with the criminal court within the ten-day period, the child shall be subject to indictment, presentment or information for the offenses charged and thus subject to trial as an adult.

Based upon evidence presented at the transfer hearing, the criminal court will either (1) remand the child to the jurisdiction of the juvenile court or (2) enter an order certifying that it has taken jurisdiction over the child. T.C.A. § 37–1–159(e). That statute further provides that following the order certifying that it has taken jurisdiction over the child, the child shall be subject to indictment for the offenses charged. T.C.A. § 37–1–159(e)(2).

The Court of Criminal Appeals relied upon *State v. Alley*, 594 S.W.2d 381 (Tenn. 1980), in holding that the criminal court did not have subject matter jurisdiction. In that case the issue was the age of the defendant. This Court found that the child was not "15 or more years of age" at the time the offense was committed and that, therefore, the criminal court did not have subject matter jurisdiction. The determinative difference between *Alley* and the case before the Court was discussed in *Sawyers v. State*, 814 S.W.2d 725 (Tenn.1991). *Sawyers* involved a post-conviction proceeding filed by a petitioner who actually was a juvenile at the time the offense was committed but was not afforded a transfer hearing in juvenile court because neither he nor the state knew he was under age when the case was tried in criminal court. The petitioner in *Sawyers* contended that his conviction, like that in *Alley*, was void on the ground that the court lacked subject matter jurisdiction. However, the Court noted that the criminal court had authority

to try Sawyers, "had the proper transfer procedure been followed," 814 S.W.2d at 729, while in *Alley*, "no amount of proper procedure could bestow jurisdiction where none existed by statute," *id.* at 728. The court further noted that juvenile and criminal courts have concurrent jurisdiction with regard to certain offenses committed by children falling within a specified age span and found that the absence of a transfer hearing does not deprive the criminal court of subject matter jurisdiction. *Id.* at 729. Based on the analysis stated in *Sawyers*, the failure in this case to conduct a transfer hearing prior to indictment did not deprive the criminal court of jurisdiction. It did, however, constitute a violation of the procedure subject to attack by motion to dismiss the indictment.

The State insists the error was waived. The defendant insists that he did not waive the procedural defect by first raising the issue on motion for new trial. He asserts that his challenge to the validity of the indictment was timely because T.C.A. § 37–1–159(d) provides that a defendant may appeal from the order of the criminal court accepting jurisdiction only following a conviction on the merits of the charge. However, that statute in no way excuses a defendant's obligation to comply with Rule 12(b)(1) and (2), Tennessee Rules of Criminal Procedure, which requires that defenses and objections based on defects in the institution of the prosecution or in the indictment must be raised prior to trial. The defendant had almost ten months in which to attack the proceedings. He claims no good cause for his failure to raise the issue before trial which would have entitled him to relief under Rule 12(f). The Court recognized in *Sawyers* that the right to a transfer hearing "is sufficiently fundamental to be considered a matter of due process, in the context of juvenile justice," 814 S.W.2d at 729, but there is no suggestion in that case that the right cannot be waived. The failure to provide a transfer hearing prior to the return of an indictment was a defect in the institution of the proceedings which was subject to attack prior

to the trial, but which was waived by the defendant.

The judgment of the Court of Criminal Appeals is reversed, and the judgment of conviction is reinstated. Costs will be borne by the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.