IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## QUINTON G. STEWART v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3568     Cheryl Blackburn, Judge**

**No. M2004-02667-CCA-R3-HC - Filed June 27, 2005**

The petitioner appeals from the trial court's dismissal of his *pro se* petition for writ of habeas corpus. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Quinton G. Stewart, Riverbend Maximum Security Institution, Nashville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Victor S. Johnson, III., District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 11, 1999, the petitioner, pled guilty as an adult to second degree murder and was sentenced to twenty-five years in the Department of Correction as a violent offender. On September 27, 2004, the petitioner filed a *pro se* petition for writ of habeas corpus, which the trial court summarily dismissed.

The petitioner now appeals the trial court's dismissal. The petitioner first argues that he was only sixteen years old (a minor) at the time he was charged for the offense. He contends that, as a minor, the juvenile court was required by law to find "reasonable grounds" at a transfer hearing before transferring him to criminal court. The petitioner alleges that the only finding marked on the face of the transfer order was the judge's notation "Waived by the Defendant." The petitioner maintains that his conviction and sentence are void because the juvenile court retained jurisdiction and the criminal court had no jurisdiction to convict and sentence him.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Tennessee Code Annotated section 37-1-134(a) provides for the transfer of a juvenile to criminal court. Before a juvenile may be tried as an adult in a criminal court, a juvenile court must conduct a transfer hearing and must find, *inter alia*, reasonable grounds to believe that "the child committed the delinquent act as alleged." Tenn. Code Ann. § 37-1-134(a)(4)(A). Following an effective transfer, jurisdiction over the case is vested in the criminal or circuit court. Id. § 37-1-134(c). The transfer statute provides that the juvenile court's jurisdiction is terminated "with respect to any and all delinquent acts with which the child may then or thereafter be charged, and the child shall thereafter be dealt with as an adult as to all pending and subsequent criminal charges." Id. § 37-1-134(c).

Although the right to a transfer hearing is sufficiently fundamental to constitute a matter of due process, the absence of a valid transfer order is a procedural deficiency not a jurisdictional defect. See Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991). Even the lack of a valid transfer hearing does not affect the criminal court's jurisdiction over a juvenile in most instances, and is not a cognizable claim in a petition for habeas corpus. See Albert Jones v. State, No. 01C01-9708-CR-00317, 1999 WL 482406, at *3 (Tenn. Crim. App., at Nashville, July 9, 1999), perm. app. denied (Tenn. Nov. 22, 1999). Furthermore, a juvenile defendant can waive his right to a transfer hearing. State v. Hale, 833 S.W.2d 65, 67-68 (Tenn. 1992).

In the present case, a transfer order exists which reflects complete adjudication of the transfer issue. The transfer order is marked "Boundover to the Circuit Court to stand trial as an adult." Written beside the marked language is the notation "Waived by the Defendant." The transfer order is properly signed and dated. The claimed defect does not appear on the face of the order. Clearly, the Rutherford County Circuit Court had authority and jurisdiction to convict and sentence the petitioner. Moreover, as indicated, the petitioner's claimed defect, even if true, does not constitute

a jurisdictional defect. Therefore, the petitioner presents a voidable claim, which is not cognizable in a petition for writ of habeas corpus.

The petitioner also relies on <u>Blakely v. Washington</u>, 542 U.S. ----, 124 S.Ct. 2531 (2004), to argue that his sentence is illegal because the trial court applied enhancement factors based upon facts not found by a jury or admitted by the petitioner. Accordingly, the petitioner contends that his sentence pursuant to Tennessee statute violates his right to trial by jury and is therefore unconstitutional and void.

The petitioner's reliance on <u>Blakely</u> and accompanying argument fails in many respects. First, this Court has previously determined that even if a <u>Blakely</u> violation occurred at the time of conviction and sentencing, such a violation would render the judgment voidable, and not void, unless the face of the record established that the trial court did not have jurisdiction to convict or sentence the petitioner. <u>See</u> <u>Stanley Harvell v. Glen Turner</u>, No. W2004-02643-CCA-R3-HC, 2005 WL 839891, at *2 (Tenn. Crim. App.,at Jackson, April 12, 2005); <u>Earl David Crawford v. Ricky Bell</u>, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Second, our supreme court has held that <u>Blakely</u> does not announce a new rule of law or impact the validity of our statutory sentencing scheme. <u>State v. Edwin Gomez and Jonathan S. Londono</u>, No. M2002-01209-SC-R11-CD, --- S.W.3d ----, 2005 WL 856848, at *11, 22 (Tenn. April, 15, 2005), <u>petition to rehear denied</u> (Tenn. May 18, 2005). In addition, our supreme court has indicated that <u>Blakely</u> issues are not subject to retroactive application. <u>Id.</u> at *13, n.16. Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. <u>Hickman</u>, 153 S.W.3d at 20.

The petitioner has not presented a cognizable claim entitling him to habeas corpus relief. He has demonstrated neither a facially invalid judgment nor an expired sentence. Accordingly, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE