IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## KELVIN A. LEE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3565      J. Randall Wyatt, Jr., Judge**

---

**No. M2004-02809-CCA-R3-HC - Filed July 20, 2005**

---

The petitioner, Kelvin A. Lee, appeals *pro se* from the order of the Davidson County Criminal Court denying his petition for habeas corpus relief without a hearing. Specifically, he alleges that he was improperly transferred from juvenile to criminal court and that the trial court failed to comply with the terms of his plea agreement. Upon review, we conclude that the petitioner has not presented any claims that justify habeas corpus relief. Therefore, we affirm the dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JOSEPH M. TIPTON, J., joined.

Kelvin A. Lee, Riverbend Maximum Security Institution, Nashville, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Kath Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

The petitioner was sentenced by jury to life in prison without the possibility of parole following his plea of guilty to the offense of felony murder. The facts giving rise to his conviction were summarized as follows by this Court on direct appeal:

> On the afternoon of September 17, 1994, Ricky Daniels drove to his family's farm in Lauderdale County to check on his aging father, William Daniels, Jr., who had been working on the farm that day. He drove to a clearing and spotted his father's truck sitting in the midst of a field, near a small pond. As he drove closer, he realized that his father was pinned underneath the truck and seriously injured. He

first thought that an accident had occurred and he called his sister. After surveying the situation, however, he concluded that his father's condition was not accidental, and he contacted an investigator with the Lauderdale County Sheriff's Department.

Authorities conducted an extensive examination of the scene, working throughout the night. Their investigation revealed that Daniels had suffered numerous gunshot wounds and that his body had been run over and crushed by the pickup truck. Evidence at the scene indicated that Daniels' body had been dragged approximately 148 feet while underneath the truck. It also appeared that the body had become dislodged at one point and that the truck backed up and ran over the body again before coming to a stop on the victim. Investigators noticed that the victim's pants pockets were turned inside out and his wallet was missing. Authorities also discovered bicycle tracks at the scene which led to a nearby house where the appellant lived with his family. After questioning several of the appellant's brothers, appellant was brought in for questioning. The appellant made a full confession, admitting that he had robbed and killed Daniels.

State v. Kelvin Anthony Lee, No. 02C01-9603-CC-00085, 1997 WL 686258, at *1 (Tenn. Crim. App., at Jackson, Nov. 5, 1997), perm. app. denied (Tenn. Aug. 3, 1998).

On September 22, 2004, the petitioner filed a petition for habeas corpus relief, which was denied by the trial court without an evidentiary hearing. The trial court stated:

The Petitioner alleges that his sentence is void due to a lack of the trial court's jurisdiction to enter a judgment, based on an unkept plea agreement, that there was no underlying felony with which to convict him of Felony Murder, and that the Petitioner was wrongfully transferred from juvenile court. The Petitioner also alleges that he plead [sic] guilty to an illegal sentence.

. . . .

The Court is of the opinion that the Lauderdale County trial court had jurisdiction to sentence the Petitioner. The Court finds that the Court of Criminal appeals affirmed the Petitioner's conviction, upheld the Petitioner's guilty plea, and noted that the Petitioner was properly transferred from juvenile court. . . . The Court finds that the Petitioner's sentence is authorized by statute. . . . The Court is of the opinion, having found that the judgment of the court is valid and that the Petitioner's term of imprisonment has not expired, that the Petition should be dismissed.

The petitioner now appeals.

**Analysis**

In this appeal, the petitioner argues that his guilty plea is void because he was improperly transferred from juvenile to criminal court and the trial court and State failed to abide by the conditions of his guilty plea. In his petition, he presented the additional argument that no underlying felony supported his conviction for felony murder. The State argues and the trial court found that all three issues were either previously determined by this Court or not cognizable in a petition for habeas corpus. We agree.

In Tennessee, the grounds upon which habeas corpus relief will be granted are limited in nature and scope. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus "may only be utilized to successfully contest void, as opposed to voidable, judgments." Id. (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. Facial invalidity means that the "fact [depriving the court of jurisdiction] must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83. The petitioner bears the burden of demonstrating by a preponderance of the evidence that the judgment of conviction is void or that his term of confinement has expired. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). The determination of whether to grant habeas corpus relief is a question of law which this Court will review *de novo* with no presumption of correctness given to the trial court's findings. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001)

The petitioner first argues that because the juvenile court failed to consider all of the factors for transfer to criminal court, the transfer order is void, and hence, the criminal court lacked jurisdiction to adjudicate the case. Our supreme court has stated that deficiencies in juvenile transfer orders are procedural matters that "cannot be said to affect the court's subject matter jurisdiction." Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991); see also State v. Hale, 833 S.W.2d 65, 67 (Tenn. 1992) ("[T]he failure in this case to conduct a transfer hearing prior to indictment did not deprive the criminal court of jurisdiction.") Accordingly, this issue lacks merit.

The petitioner's next argument, that his plea is void because the trial court did not abide by an agreement to have the trial judge rather than a jury sentence him, is also not a cognizable claim for habeas corpus relief. Whether the terms of the plea agreement were complied with is not a defect that appears on the face of a judgment or proof that a sentence has expired. Furthermore, the merits of this issue have previously been decided by this Court on direct appeal. Consequently, this issue lacks merit.

Lastly, although the petitioner did not pursue on appeal the additional issue raised in his petition, that no underlying felony supported his felony murder conviction, the State addressed the issue in its brief. The State argued that the issue "is essentially a challenge to the sufficiency of the

evidence and such claims are not cognizable in a habeas proceeding." We agree and further note, as did the trial court, that the petitioner's conviction was upheld by this Court on direct appeal.

## Conclusion

We affirm the dismissal of the habeas corpus petition.

_____
J.C. McLIN, JUDGE