IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 21, 2005 Session

## JEFFREY CASEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3502      Monty Watkins, Judge**

─────────────

**No. M2004-02469-CCA-R3-HC - Filed August 11, 2005**

─────────────

The petitioner, Jeffrey Casey, appeals the trial court's dismissal of his petition for habeas corpus relief. The issue presented for review is whether the petition was properly dismissed without an evidentiary hearing. The judgment is affirmed.

**Tenn. R. App. P.3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and J.C. MCLIN, JJ., joined.

Mark Chapman, Nashville, Tennessee, for the appellant, Jeffrey Casey.

Paul G. Summers, Attorney General & Reporter; and Roger Moore, Assistant District Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

### OPINION

On March 8, 1984, the petitioner was convicted of two counts of first degree murder, Class X felonies. The trial court imposed concurrent sentences of life imprisonment. Only seventeen years of age at the time of the offenses, the petitioner had been taken into custody on June 23, 1983. Fifteen days later, he was transferred by order of the Juvenile Court of Decatur County to the Circuit Court for trial as an adult. The transfer order provided as follows:

> It appeared to the court that the defendant by and thru his counsel of record in open court waived the statutory notice requirement of TCA 37-234(3). It further appeared to the court from the testimony of witnesses in open court the statement of counsel and the entire record as a whole that the defendant at the time of the alleged crime was seventeen (17) years of age, and that the defendant was charged with 2 COUNTS OF MURDER IN THE 1ST DEGREE and that the defendant was and hereby is certified to the next term of

Circuit Court of Decatur County to be tried as an adult in accordance with TCA 37-234. The court was further of the opinion at the time the defendant should be held without bond. ALL OF THE ABOVE IS ORDERED, ADJUDGED AND DECREED.

On March 15, 2004, the petitioner filed this petition for habeas corpus relief alleging that the trial court lacked jurisdiction because the juvenile court had failed to comply with the statute governing the transfer of juveniles to be tried as adults which, in pertinent part, provides as follows:

The disposition of the child shall be as if he were an adult if: . . .

  (4) The court finds that there are reasonable grounds to believe that:
    (I)  the child committed the delinquent act as alleged;
    (ii)  the child is not committable to an institution for the mentally retarded or mentally ill; and,
    (iii)  the interests of the community require that the child be put under restraint or discipline TCA § 37-234(a)(4).

The habeas corpus court appointed counsel and the state filed a motion to dismiss. After determining that the order of transfer recited the age of the petitioner at the time of the crimes and documented that he had been charged with murder, the habeas corpus court concluded that no hearing was necessary because the sentences had not expired and the judgment was facially valid.

In this appeal, the petitioner argues that the order of transfer from the juvenile court was defective in that there was no specific finding of "reasonable grounds" as contemplated by Tennessee Code Annotated section 37-234(a)(9). It is his contention that he should have been granted an evidentiary hearing in order to establish that the trial court lacked jurisdiction to impose judgment.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 657 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101.

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available

in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.[1] State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

In State v. Hale, 833 S.W.2d 65 (Tenn. 1992), a sixteen-year-old defendant was indicted by a grand jury for second degree murder prior to a transfer hearing in the trial court for the purpose of determining its acceptance of jurisdiction under Tennessee Code Annotated section 37-1-159(d). After the indictment, but before the trial, the trial court entered an order certifying that it had accepted jurisdiction of the defendant. The defendant claimed that the conviction was void because he was indicted before a transfer hearing was held. On appeal to this court, the conviction was set aside for lack of subject matter jurisdiction. Our supreme court reinstated the conviction, however, holding that the failure to conduct a transfer hearing prior to the indictment did not deprive the trial court of jurisdiction to try Hale as an adult. Id. at 67. The error was described as a procedural violation subject to waiver. Id. at 67-68. Our high court cited Sawyers v. State, 814 S.W.2d 725 (Tenn 1991), for the proposition that "juvenile and criminal courts have concurrent jurisdiction with regard to certain offenses committed by children falling within a specified age span and the absence of a transfer hearing does not deprive the criminal court of subject matter jurisdiction." Hale, 835 S.W. 2d at 67. Our supreme court concluded that Hale's failure to present the issue prior to trial constituted a waiver. Id.

Similarly, this court has recently ruled a juvenile court's transfer order is a final adjudication of the issue regardless of any defect in the content: "[T]he claimed defect does not appear on the face of the record and, therefore, cannot give use to a claim in habeas corpus." Andrew Levi Jefferson v. State, M2002-01604-CCA-R3-PC, (Tenn. Crim. App. at Jackson, Dec. 12, 2003) app. denied (Mar. 22, 2004) slip op. at 5.

Accordingly, the judgment is affirmed.

_____

[1] The Post-Conviction Procedure Act codified at Tennessee Code Annotated sections 40-30-101 thru 40-30-122 describes the procedure for filing a petition for post-conviction relief. The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. In 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature amended the Post-Conviction Procedure Act such that under our current law, a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a) (2003). Accordingly, a petition for post-conviction relief is time-barred in this case.

GARY R. WADE, PRESIDING JUDGE