# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 10, 2006 Session

## MOZELLA NEWSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-27349     John P. Colton, Jr., Judge**

---

**No. W2005-00477-CCA-R3-PC  - Filed July 11, 2006**

---

The Appellant, Mozella Newson, appeals the Shelby County Criminal Court's denial of her petition for post-conviction relief.  Following a transfer hearing, Newson, who was fourteen years old at the time of the crimes, was transferred from the juvenile court to the Shelby County Criminal Court to be tried as an adult.  She subsequently pled guilty to carjacking, especially aggravated robbery, and two counts of especially aggravated kidnapping, for which she received an effective fifteen-year sentence.  On appeal, Newson argues that she was denied her Sixth Amendment right to the effective assistance of counsel, specifically arguing that the attorney representing her during the transfer hearing was ineffective by: (1) failing to advise the juvenile court of Newson's age; (2) failing to challenge the transfer order which stated that Newson was sixteen years old or older; (3) failing to present any favorable evidence at the transfer hearing which might have prevented her transfer; (4) failing to object to the identification procedure employed at the transfer hearing; and (5) failing to advise Newson of her right to appeal the juvenile court's decision to transfer the case.  After review, we conclude: (1) Newson's subsequent guilty pleas waived all issues regarding guilt; and (2) Newson's failure to prepare a complete record precludes review of her allegations of deficient performance which resulted in her transfer to the criminal court.  Accordingly, the judgment of the post-conviction court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Lee Gerald, Memphis, Tennessee, for the Appellant, Mozella Newson.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jack Irving, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

Sometime between the late hours of December 31, 1999, and the early morning hours of January 1, 2000, the Appellant, age fourteen, along with two co-defendants, Jermaine Bishop, age twenty-one, and Nesha Newson, age sixteen, participated in the carjacking, robbery, and kidnapping of Bryan Morris and Holly Richardson in Memphis. Testimony at the post-conviction hearing and from the proceedings in a co-defendant's case indicate that the Appellant, armed with a handgun, held the gun on Richardson while Richardson was robbed, beaten, and subjected to indignities by the juvenile, Nesha Newson. The three were later apprehended, and the Appellant gave a statement to police admitting her presence at the scene but minimizing her involvement in the criminal episode.

On January 19, 2000, a hearing was held in the Shelby County Juvenile Court at which the Appellant was represented by retained counsel ("trial counsel"). Following the presentation of evidence and argument, the referee waived the jurisdiction of the court and transferred the Appellant to the Shelby County Criminal Court to be prosecuted as an adult. No appeal was taken with regard to the transfer.

On January 23, 2001, the Appellant was indicted by a Shelby County grand jury for carjacking, two counts of especially aggravated kidnapping, aggravated robbery, and especially aggravated robbery. The Appellant discharged trial counsel and retained another attorney to represent her in the criminal court proceedings. On September 23, 2002, the Appellant entered into a plea agreement, whereby she pled guilty to carjacking, two counts of especially aggravated kidnapping, and especially aggravated robbery. In exchange, the Appellant received fifteen-year sentences for each of the kidnapping and robbery convictions and an eight-year sentence for the carjacking conviction. All sentences were ordered to be served concurrently, resulting in an effective fifteen-year sentence.

On May 13, 2003, the Appellant filed a *pro se* petition for post conviction relief alleging, among other grounds, ineffective assistance of counsel with regard to both her counsel at the juvenile hearing and counsel during the guilty plea process. Post-conviction counsel was appointed, and an amended petition was filed on August 20, 2004. A post-conviction hearing was conducted on October 15, 2004, at which the Appellant, her mother, a Department of Children's Services employee, Pastor Ralph White, and both of the Appellant's attorneys testified.

The Appellant testified that her family retained trial counsel to represent her following her initial detention. According to the Appellant, she met with trial counsel only one time prior to the hearing, at which time she informed counsel of her age and provided him with information regarding her educational background and school activities. Both the Appellant and her mother testified that trial counsel failed to inform the juvenile court of the Appellant's age or present any proof with regard to her educational status, academic grades, lack of prior misconduct, or lack of gang activity in an attempt to prevent her transfer as an adult. Moreover, she asserts that trial counsel failed to call

available character witnesses from her school or church or to introduce evidence of her alleged minor role in the commission of these offenses. Additionally, she contends that trial counsel did not allow her to testify at the transfer hearing, thereby denying the court the opportunity to judge her credibility, and failed to present proof with regard to her suitability for various juvenile rehabilitative programs. Both the Appellant and her mother testified that the victim, Holly Richardson, was unable to identify the Appellant at the hearing and that trial counsel failed to object when the prosecutor pointed to the Appellant. Furthermore, trial counsel failed to object to the transfer order, which reflected that the Appellant was "sixteen years or more of age." Both the Appellant and her mother also testified that trial counsel failed to inform them of the right to appeal the juvenile court's decision to transfer.

Trial counsel testified that he had practiced in the juvenile court of Shelby County for approximately forty years. He stated that he did not present evidence of the Appellant's academic record or lack of delinquent behavior because this information would have been contained in the "social file," which is prepared by a juvenile probation officer and provided to the court. However, trial counsel did testified that he had personally interviewed the Appellant's probation officer to confirm that she had no prior record of delinquency and had not posed disciplinary problems in the school she attended. Moreover, he asserted that he had reviewed the facts of the case with the Appellant who told him, as well as the police in her statement, that she had limited participation in the crimes. However, upon further discussions with the prosecuting attorney, trial counsel learned that the Appellant's version of the events was somewhat contradicted by the victim's statements that it was the Appellant who held a gun on the victims, allowing the crimes to be accomplished. Trial counsel testified that he did cross-examine the victim thoroughly at the transfer hearing in order to challenge her credibility and argued to the court that the Appellant should not be transferred based upon her age, the lack of credibility of the evidence, and that she possessed the potential for rehabilitation. However, trial counsel testified that, based upon his past experiences in the juvenile court, he believed the facts of the case alone were sufficient to transfer the case to the criminal court.

Trial counsel further explained that he did not present evidence of possible disciplinary alternatives within the juvenile court system as the court was aware of these alternatives and was in possession of the Appellant's background information contained in the "social file." With regard to the transfer order, which states that "the Court finds that said child was 16 years or more of age at the time of the alleged conduct," trial counsel believed that this was simply a "typographical error" in the form order. With regard to the right to appeal, trial counsel stated that he discussed the Appellant's right to appeal the transfer order with the Appellant's mother; however, she failed to personally contact him about this issue, as he had requested, and that the time to appeal expired.[1]

The post-conviction court took the matter under advisement and filed an order on January 6, 2005, denying the petition. This appeal followed.

---

[1]The Appellant's counsel, during the guilty plea proceedings, also testified at the post-conviction hearing, as the Appellant was initially alleging ineffective assistance of counsel during the guilty plea process as well. The ineffectiveness of counsel at the guilty plea hearing, however, was not raised as an issue on appeal.

**Analysis**

On appeal, the Appellant asserts that the post-conviction court erred in finding that she received the effective assistance of counsel during her juvenile proceedings. She specifically asserts that trial counsel was ineffective in that he: (1) failed to advise the juvenile court of the Appellant's age; (2) failed to challenge the transfer order which stated that the Appellant was sixteen years or older; (3) failed to present any favorable evidence at the transfer hearing which might have precluded her transfer; (4) failed to object to a suggestive identification procedure employed by the State at the transfer hearing; and (5) failed to advise the Appellant of her right to appeal the juvenile court's transfer decision.

**A. Jurisdiction of the Juvenile Court**

The juvenile court has original jurisdiction over children who are alleged to be delinquent. *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006); *State v. Hale*, 833 S.W.2d 65, 66 (Tenn. 1992); T.C.A. § 37-1-134(a) (2003). Section 37-1-134(a)(1)-(4) provides the circumstances in which a juvenile court "shall" transfer a juvenile accused of conduct that constitutes a criminal offense to the criminal court to be tried as an adult. *Howell*, 185 S.W.3d at 329. The juvenile must be at least sixteen years old at the time of the offense or, if under sixteen, be charged with certain enumerated offenses, as relevant here especially aggravated kidnapping and aggravated robbery, and be provided with notice and a hearing. T.C.A. § 37-1-134(a)(1)-(3). During the hearing, the juvenile court must find "reasonable grounds to believe" that the juvenile committed the delinquent act as alleged, that the juvenile "is not committable to an institution for the mentally retarded or mentally ill," and that the community's interests require legal restraint or discipline of the juvenile. *Id*. at (a)(4)(A)-(C). Thus, a transfer hearing involves three inquiries: (1) whether probable cause exists; (2) whether the juvenile is mentally disturbed; and (3) whether the juvenile is amenable to juvenile discipline. *See Id*. Unless these grounds are found by the juvenile court, transfer from juvenile court to criminal court is subject to the juvenile court's discretion. *Howell*, 185 S.W.3d at 329. The authority of the juvenile court to order a transfer under section 37-1-134, as well as the authority of the criminal court to accept transfer and try the juvenile as an adult, has been described in Tennessee decisions as "jurisdictional." In this case, the Appellant challenges trial counsel's performance with regard to both the finding of probable cause and the finding that the Appellant was not amenable to juvenile discipline.

**B. Probable Cause Finding**

As evidenced by the allegations in her petition, the Appellant challenges trial counsel's performance at her transfer hearing by asserting that trial counsel: (1) failed to challenge the transfer order which stated that the Appellant was sixteen years or older;[2] (2) failed to object to a suggestive

---

[2]Although the transfer order provides in the body of the order that the Appellant was "16 years or more of age," the petition for delinquency, the detention order, the mittimus, and the transfer order clearly set forth on the top of the

(continued...)

identification procedure employed by the State at the transfer hearing; and (3) failed to advise the Appellant of her right to appeal the juvenile court's transfer decision. These issues relate to the probable cause determination and the Appellant's guilt in the crimes.

It is clear from the record that the Appellant pled guilty to the offenses in which she was involved. Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Stated another way, deficient performance, standing alone, irrespective of its egregiousness, is irrelevant to the challenge of a guilty plea, unless it can be established that the deficient performance is causally connected to the voluntariness of the plea. A plea of guilty, understandably and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and waiver of all nonjurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceedings. *State v. David Alan Gold*, No. M2005-00186-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 28, 2006) (citing *Shephard v. Henderson*, 449 S.W.2d 726, 729 (Tenn. 1969)). Here, however, no allegations have been asserted that trial counsel's deficient representation produced an involuntary or unknowing plea. Moreover, there is nothing in the record to indicate that the Appellant's guilty pleas were rendered vulnerable based upon allegations of trial counsel's deficient performance. Accordingly, because the Appellant pled guilty to the crimes, any allegations of deficient performance within the probable cause determination are waived by the Appellant's voluntary pleas of guilty.

With regard to the issue that trial counsel was deficient for failing to advise the Appellant of her right to appeal the juvenile court's transfer ruling, we find this claim is without merit. There is no civil or interlocutory appeal from a juvenile court's ruling, transferring the juvenile to the criminal court to be tried as an adult. T.C.A. § 37-1-159(d) (2003). An appeal to this court is provided only following a conviction on the merits of the charge. T.C.A. § 37-1-159(f). The Appellant waived appellate review of the juvenile court's transfer by entering a plea of guilty without reserving the question as provided for by Rule 37(b)(2), Tennessee Rules of Criminal Procedure. *See State v. Griffin*, 914 S.W.2d 564, 567 (Tenn. Crim. App. 1995). Trial counsel was not representing the Appellant at the time she entered her guilty pleas. Accordingly, any issue of deficient performance in this regard is not attributable to trial counsel.

### C. Amenability to Juvenile Discipline

Next, the Appellant argues that trial counsel's performance was deficient with regard to the waiver of jurisdiction by the juvenile court. She argues that if counsel had not been deficient in his performance at the hearing, she would not have been transferred to the criminal court. She asserts that had trial counsel introduced available proof at the hearing, the juvenile court would not have transferred her to be tried as an adult. Specifically, she challenges trial counsel's failure to: (1) advise the juvenile court of the Appellant's age; and (2) present any favorable evidence at the

---

[2](...continued)
page of each of these documents the Appellant's age and date of birth, confirming that she was fourteen years of age at the time of these proceedings.

transfer hearing which could have precluded her transfer. These issues were not waived by her plea of guilty.

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in her petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency.

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

Initially, we are constrained to note that our efforts to review the merits of the Appellant's allegations are frustrated by the lack of a complete record. Although the Appellant challenges deficiency arising from the transfer hearing, she has failed to include virtually all relevant portions of the juvenile proceeding, including the transcript of the juvenile hearing, which would confirm whether or not these deficiencies occurred. Other than the transfer order, which is essentially a form order, practically all of the records and documents from the juvenile proceedings are conspicuously absent from the appellate record. This includes the transcript of the juvenile hearing, any exhibits introduced, and the <u>referenced</u> "social file." (DELETED)
Also absent is the transcript of the guilty plea hearing which would have provided a factual basis regarding the Appellant's admitted conduct, which is relevant to the statutory consideration of whether the offenses were committed in an aggressive and premeditated manner.[3] *See* T.C.A. § 37-

---

[3]We note that both trial counsel and counsel at the guilty plea hearing testified that, in their opinions, the Appellant would have been transferred based solely upon the egregious facts of this case. Counsel, at the guilty plea hearing, testified that the Appellant's guilty plea was in large part motivated by the fact that her sixteen-year old co-defendant, Nesha Newson, was convicted by a jury for her participation in the crimes and received a forty-five year sentence in the Department of Correction.

Although the record fails to include essential facts relative to the case or to the Appellant's participation in these crimes, we are permitted to take judicial notice of the documents of this court. In particular, we take notice of the affidavit of complaint, which was before this court in an appeal by the co-defendant, Nesha Newson Young. *State v. Nesha Young*, W2000-01252-CCA-R8-CD (Tenn. Crim. App. at Jackson, Aug. 15, 2000). The facts of the case, as recited in the affidavit, are:

On Saturday, January 1, 2000, shortly after midnight, Holly Richardson and Bryan Morris got lost trying to find their way back to a party in the area of Park and Massey. They stopped to call

(continued...)

134(b)(4). In sum, essentially all that is before us is a petition alleging delinquency and a form order from the juvenile court transferring the case to the criminal court.

It is the appellant's duty to prepare an adequate record for appellate review. Tenn. R. App. P. 24. Our supreme court, in *State v. Ballard*, 855 S.W.2d 557 (Tenn. 1993), stated:

> When a party seeks appellate review[,] there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. *See* T.R.A.P. 24(b).

*Id*. at 560-61. In the absence of an adequate record on appeal, this court must presume that the trial court's actions below are correct and are supported by sufficient evidence. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). This issue is, therefore, waived. Because the Appellant failed to present a complete record, we must presume that the juvenile court was in possession of the "social file" (DELETED) and considered this evidence in reaching its decision to transfer the Appellant to the

---

[3](...continued)
their friends from a pay phone on the lot of the Amoco station at 4161 Winchester, where they met 2 males and 2 females. Ms. Richardson and Mr. Morris asked these subjects for directions back to Park and Ridgeway. The 2 females and one of the males got in their car, a white 1989 Acura Integra (TN# 652-PVJ), agreeing to direct them to Park and Ridgeway in exchange for a ride to a relative's home. Sometime between 1:15 and 1:40 a.m., one of the female suspects pointed a small chrome handgun at them while the male suspect took control of the car. Both victims were beaten while being held at gunpoint. At some point during this ordeal, Mr. Morris was able to open a back door and jump out of the moving car. He ran to a nearby location in the 3200 block of Keystone and called police. Ms. Richardson tried to jump out of the vehicle when Mr. Morris did, but was grabbed by the hair and prevented from doing so. The beating to her then intensified. She was made to keep her hands at her side while taking punches to the face. Her lips and tongue were burned with cigarettes and she was made to swallow cigarette ashes. The suspects then backed the car up to a wooded area at the dead-end of Royal Ridge and made Ms. Richardson get out of the car. At this point, the male suspect struck her in the face, breaking her nose. She was then released after being made to take her clothes off. She ran naked through the woods before receiving assistance from a homeowner in the 3700 block of Bluff Wood Drive. Besides the vehicle, taken in this incident was a wallet with $8 cash and identification from Bryan Morris and 3 rings and clothing from Holly Richardson. Mr. Morris received two black eyes, scrapes to his hands, and a broken finger. Both of Ms. Richardson's eyes were bruised and swollen almost shut. She also had knots and bruises on her head, swollen and bruised cheeks, bruises to her neck and arms, scratches on her arms and hands, and a broken nose.

criminal court.  Accordingly, we conclude that the Appellant has failed to carry her burden of establishing by clear and convincing evidence the allegations of ineffective assistance of counsel.

Notwithstanding our finding of waiver, we are constrained to review the Appellant's allegation of trial counsel's complete failure to challenge the State's case or present available evidence that would have protected the Appellant's interests.  The proof at the hearing established that the Appellant was fourteen years old, had no prior history of delinquency, attended the eighth grade, and was not a disciplinary problem at her school.  We would agree that, because the Appellant conceded her presence during the crimes and because the State's proof placed her at the scene with a gun which she used to accomplish serious crimes, the only viable strategy available to the Appellant was that of seeking adjudication as a juvenile.  However, trial counsel failed to introduce any available evidence which could have precluded waiver of juvenile jurisdiction.  Trial counsel explained that he made no attempt to introduce evidence because it would have been futile, as it would not have prevented transfer of the case in his opinion based solely on the egregious facts of the case.  We must reject trial counsel's fatalistic reasoning.  It is the obligation and duty of an attorney to represent a client zealously and to serve as an advocate within the bounds of the law.  Tenn. R. Sup. Ct. 8, Canon 7.   If evidence is relevant and germane to an issue, counsel should present the evidence and advocate for his client unless reasoned trial strategy dictates otherwise.  Trial counsel's decision not to introduce evidence in this case was not based upon trial strategy.  We can see no rationale or advantage to be gained by trial counsel's decision to forego the presentation of available evidence that the Appellant was amenable to disciplinary measures of the juvenile court, particularly, in a case such as this where the only viable strategy available was that of preventing transfer.

Moreover, with regard to trial counsel's failure to call the Appellant as a witness at the transfer hearing, counsel explained that he did so in order to prevent her testimony from being used against her in later proceedings.  This is clearly an incorrect statement of the law, as Tennessee Code Annotated section 37-1-134(f)(1) expressly provides that statements made by a child at the transfer hearing are not admissible against the child in the criminal proceedings following the transfer.  For these reasons, we are unable to conclude that trial counsel's representation regarding the Appellant's amenability to juvenile discipline met the standard of objective reasonableness "under prevailing professional norms," notwithstanding our holding of waiver of the issue.  *See State v. Goad*, 938 S.W.2d 363, 369 (Tenn. 1996).

## CONCLUSION

Based upon the foregoing, the Shelby County Criminal Court's denial of post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE

-8-