IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 22, 2024

**HOWARD JEFFERSON ATKINS v. BRIAN ELLER, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-24-CR-23     Lisa N. Rice, Judge**

_____

**No. E2024-00665-CCA-R3-HC**
_____

A Tipton County jury convicted the Petitioner, Howard Jefferson Atkins, of first degree premeditated murder in 2000, and the trial court imposed a life sentence. The Petitioner later applied for a writ of habeas corpus, arguing that the trial court lacked jurisdiction to hear his case because the juvenile court did not make the necessary statutory findings to transfer his case to the circuit court. The habeas corpus court summarily denied the application, finding that the Petitioner failed to state a colorable claim for relief. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JILL BARTEE AYERS and KYLE A. HIXSON, JJ., joined.

Howard Jefferson Atkins, Pro Se, Mountain City, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; and Johnny Cerisano, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

In April 2000, the sixteen-year-old Petitioner struck and killed his stepfather with a baseball bat. The juvenile court transferred the case to the Tipton County Circuit Court for trial, and a jury found the Petitioner guilty of first degree premeditated murder. The trial

court imposed a life sentence, and this court affirmed the conviction on direct appeal. *See State v. Atkins*, No. W2001-02427-CCA-R3-CD, 2003 WL 21339263, at *1 (Tenn. Crim. App. May 16, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003).

On February 15, 2024, the Petitioner filed an application for a writ of habeas corpus. In this filing, the Petitioner alleged that the juvenile court failed to make required statutory findings before transferring his case to the circuit court. As such, the Petitioner alleged that the trial court lacked jurisdiction over his case and, therefore, his conviction was void.

The habeas corpus court summarily dismissed the application by a written order entered on April 22, 2024. The court concluded simply that the Petitioner "has failed to present a colorable claim for habeas relief." The Petitioner filed a timely notice of appeal fourteen days later on May 6, 2024.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court should have granted relief. This question is one of law, and our standard of review is "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

In this appeal, the Petitioner argues that the trial court lacked jurisdiction to hear and try his case. He asserts that because he was sixteen at the time of the offense, the juvenile court had exclusive, original jurisdiction of his case, and the case could not be transferred to the trial court without specific findings. *See* Tenn. Code Ann. § 37-1-134(a)(4) (1996 Repl.). From these premises, he maintains that the juvenile court failed to make a proper probable cause finding and that its other findings contradict the findings necessary for a transfer. As such, he argues, the transfer order was void, and the trial court lacked jurisdiction over his case.

In response, the State argues that the Petitioner failed to show that his judgment is void rather than being merely voidable. It notes that the supreme court has recognized that the absence of a valid transfer order from juvenile court is not a circumstance that affects

2

the subject matter jurisdiction of a trial court. Thus, the State asserts that while an improper transfer could render a judgment *voidable* as a procedural defect, it would not render the judgment of conviction *void*. We agree with the State.

The privilege of the writ of habeas corpus is constitutionally guaranteed by article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Our supreme court has recognized that, "[u]nlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). As such, successful prosecution of the writ "has long been limited to showing that the original judgment of conviction *was void* due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Id.* (emphasis added). Stated another way, "the purpose of a habeas corpus petition is to contest *void* and not merely *voidable* judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (emphasis added); *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) ("The determinative issue, then, in every habeas corpus proceeding is whether the challenged judgment is void.").

Despite the writ's being constitutionally guaranteed, the procedures used to issue the writ have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq*. Among other things, the habeas corpus petitioner has the burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the court determines that the petitioner has not presented a cognizable claim for relief, the court may summarily dismiss the application for a writ of habeas corpus. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). This summary dismissal may occur without the appointment of counsel and an evidentiary hearing if nothing on the face of the judgment or in the underlying record indicates that the convictions are void or the sentences are expired. *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

In this case, the Petitioner asserts that the trial court lacked jurisdiction because the juvenile court failed to consider the required statutory factors in transferring his case to the trial court. *See* Tenn. Code Ann. § 37-1-134(a)(4). We respectfully disagree. Our supreme court has recognized that "the absence of a valid transfer order is a procedural deficiency not affecting the subject matter jurisdiction of the convicting court." *Sawyers v. State*, 814

S.W.2d 725, 729 (Tenn. 1991).[1]  Indeed, even a complete failure to hold a transfer hearing before the filing of an indictment will not deprive the trial court of jurisdiction.  *See State v. Hale*, 833 S.W.2d 65, 67 (Tenn. 1992) ("[T]he failure in this case to conduct a transfer hearing prior to indictment did not deprive the criminal court of jurisdiction.").  To that end, this court has affirmed the dismissal of habeas corpus applications in this context, concluding that a trial court's subject matter jurisdiction is not affected by the absence of, or deficiencies in, a juvenile court's transfer order.  *See, e.g.*, *Mosley v. State*, No. W2017-01879-CCA-R3-HC, 2018 WL 6828882, at *10 (Tenn. Crim. App. Dec. 28, 2018) ("[W]e cannot conclude that, even if any defects in the transfer proceeding were proven, any such defect would affect the criminal court's subject matter jurisdiction with regard to convicting the Petitioner."), *perm. app. denied* (Tenn. Apr. 15, 2019); *Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *3 (Tenn. Crim. App. Mar. 25, 2015) ("The absence of a transfer hearing and a petition to transfer are not cognizable grounds for habeas corpus relief because they do not divest the criminal court of jurisdiction to hear the case."), *perm. app. denied* (Tenn. July 21, 2015).

The Petitioner attempts to distinguish his case from those where no transfer hearing was held.  He argues that the failure to hold any hearing is a mere procedural error, while the juvenile court's failure to make the required statutory findings is ineffective to transfer jurisdiction to the trial court.  This is a distinction without a difference.  The age of a criminal defendant does not affect the subject matter jurisdiction of the trial court—it only affords the minor defendant certain procedural due process protections before an indictment is returned.  *See Miller v. Easterling*, No. W2009-02175-CCA-R3-HC, 2010 WL 2787686, at *2 (Tenn. Crim. App. July 15, 2010) (citation and internal quotation marks omitted), *no perm. app. filed*.  Thus, while defects in these procedural due process protections may render a subsequent judgment voidable, they do not affect the jurisdiction of the trial court or render its judgment void.  *See Lee v. State*, No. M2004-02809-CCA-R3-HC, 2005 WL 1692952, at *2 (Tenn. Crim. App. July 20, 2005) (rejecting the argument that "because the juvenile court failed to consider all of the factors for transfer to criminal

---

[1]        The Petitioner argues that the supreme court's decision in *Sawyers* improperly recognized that a trial court's subject matter jurisdiction "is concurrent with that of the juvenile court as to certain offenses committed by children falling within a specified age span."  *Sawyers*, 814 S.W.2d at 729.  He asserts that the supreme court violated the "Separation of Powers Doctrine" in creating new jurisdiction in the trial courts.  Even if we were to agree with this argument—and we do not—we must nevertheless follow binding precedent from a higher court consistent with our oath.  *See State v. Malone*, No. W2020-00364-CCA-R3-CD, 2022 WL 558282, at *35 (Tenn. Crim. App. Feb. 24, 2022) ("[T]he province of this court is to apply the law as it has been enacted by our legislature and interpreted by our supreme court, not to make unilateral changes to established precedent.  The Defendant is not entitled to relief on this basis."), *perm. app. denied* (Tenn. Aug. 3, 2022).

court, the transfer order is void, and hence, the criminal court lacked jurisdiction to adjudicate the case"), *no perm. app. filed*.[2] The Petitioner is not entitled to relief.

## CONCLUSION

In summary, we hold that the Petitioner has failed to show that his convictions are void due to a lack of jurisdiction by the convicting court. Accordingly, we respectfully affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
TOM GREENHOLTZ, JUDGE

---

[2] As we noted above, "the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *Ritchie*, 20 S.W.3d at 630. As such, "constitutional due process issues are properly addressed in post-conviction petitions, not habeas corpus petitions, because a due process violation results in a voidable, not void, conviction." *Jefferson v. State*, No. M2022-00456-CCA-R3-HC, 2022 WL 17258685, at *3 (Tenn. Crim. App. Nov. 29, 2022) (so recognizing in the context of a due process claim alleging an ineffective juvenile transfer order) (citation and internal quotation marks omitted), *no perm. app. filed*.