IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 2, 2010

**ANTONIO M. MILLER v. JOE EASTERLING, Warden**

**Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-0178     Joe Walker, Judge**

**No. W2009-02175-CCA-R3-HC  - Filed July 15, 2010**

The Petitioner, Antonio M. Miller, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  On appeal, the Petitioner contends that (1) the trial court did not have jurisdiction to try him as an adult; (2) the prosecutor breached the plea agreement; (3) he was not given a psychological evaluation or a pretrial suppression hearing to challenge his confession; (4) he was not allowed to develop alibi witnesses; and (5) his nineteen-year sentence at one hundred percent is incorrect.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Antonio M. Miller, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that the Petitioner pled guilty in 1999 to second degree murder, six counts of aggravated burglary, and one count of felony drug possession, for which he received an effective sentence of nineteen years.  No direct appeal was filed, and this court subsequently affirmed the trial court's denial of his petition for post-conviction relief.  See Antonio M. Miller v. State, No. M2001-01265-CCA-R3-PC, Rutherford County (Tenn. Crim. App. Oct. 15, 2002).

The Petitioner filed a pro se petition for writ of habeas corpus on September 16, 2009, which the trial court denied by written order filed September 24, 2009. In denying the petition, the trial court concluded:

> Whether the Court did not have jurisdiction to try him as an adult, whether the prosecutor breached the plea agreement; that he was not given a psychological evaluation, and not given a pretrial suppression hearing[] would require proof outside the judgment, and would make the judgment voidable, not void. . . .
>
> Petitioner alleges that he pled to a Class A felony and was sentenced to 100%; and the sentences are incorrect in that he is serving 19 years at 100%. The judgment forms show the [Petitioner] is serving 18 years at 100% for murder, and one year consecutive at 30%. The TOMIS records show the same percentage.
>
> Petitioner's sentences have not expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate.
>
> A petition may be summarily dismissed without a hearing if the petition demonstrates no right to relief. State ex rel Boyd v. Bomar, 214 Tenn. 476; Dixon v. Holland, 70 S.W.3d 33 (Tenn. 2002).
>
> If the petition is treated as one for post-conviction relief, this court has no jurisdiction. T.C.A. 40-30-204 and 202. Petitioner has attempted post conviction previously. . . .
>
> It is therefore ORDERED that the petition is denied.

The determination of whether habeas corpus relief should be granted is a question of law which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). Habeas corpus relief will be granted when the Petitioner can show that a judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). To this end, a writ of habeas corpus is granted only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton,

-2-

28 S.W.3d 910, 911 (Tenn. 2000) (citing Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). The burden is on the Petitioner to establish by a preponderance of the evidence that the judgment is void or that a sentence has expired. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (1964). If the Petitioner carries this burden, he is entitled to immediate release relative to that judgment. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). However, the trial court may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (1967); see also T.C.A.§ 29-21-109 (2000).

On appeal, the Petitioner presents the same five claims that the trial court, in dismissing the petition without a hearing, determined were not cognizable in a habeas corpus proceeding. He argues that his convictions are void (1) because the trial court did not have jurisdiction over him at the time of his initial proceeding because he was a juvenile; (2) because the State breached the plea agreement; (3) because he was not given a psychological evaluation or a pretrial suppression hearing as to his confession; (4) because he was not allowed to "develop and call alibi witnesses"; and (5) because he pled guilty to a Class A felony, for which he was sentenced to eighteen years at one hundred percent, and he is serving his nineteen-year sentence at one hundred percent. As we have set out, the trial court correctly determined that the Petitioner's sentences had not expired and that his claims, even if true, would result in his sentences being voidable rather than void.

As this court explained in Michael Ware v. Tommy Mills, Warden, No. W2007-00186-CCA-R3-HC, Lake County (Tenn. Crim. App. Nov. 21, 2007), app. denied (Tenn. Apr. 7, 2008):

> [T]he courts of this state have repeatedly held that the age of a juvenile defendant has been characterized, not as an element of subject matter jurisdiction, but as a fact which entitles the defendant to certain procedural rights, and, the lack of a valid transfer hearing does not deprive a criminal court of jurisdiction, but has been described instead as a "procedural deficiency." See Eddie F. DePriest v. Meyers, M2000-02312-CCA-R3-PC (Tenn. Crim. App., at Nashville, July 6, 2001), no Tenn. R. App. P. 11 application filed; see also State v. Hale, 833 S.W.2d 65, 67 (Tenn. 1992).

Likewise, as to the claim regarding a breached plea agreement, this court previously has held that such a claim cannot be the basis for habeas corpus relief. See Jeffrey McKinnie

v. Joe Easterling, Warden, No. W2008-02263-CCA-R3-HC, Hardeman County (Tenn. Crim. App. May 15, 2009). The Petitioner's claims regarding pretrial matters, likewise, cannot be the basis for habeas corpus relief because, even if true, they would not result in the judgments being void. His claim as to the percentage of the sentences he is serving, to the extent that we understand it, is incorrect according to the findings of the trial court. In addition to the eighteen-year sentence at one hundred percent, the Petitioner is serving the one-year sentence at thirty percent rather than at one hundred percent, as the petition alleges. Thus, we conclude that the record supports the dismissal of the petition without a hearing.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE